UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEC ENTERTAINMENT, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-cv-02493 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff CEC Entertainment, Inc. ("CEC") files this original complaint against defendant Travelers Casualty and Surety Company of America ("Travelers"), as follows:

## I. INTRODUCTION

1.1  This is an insurance coverage dispute involving a directors and officers liability policy issued by Travelers to CEC. While the policy was in effect, minority shareholders sued CEC, alleging a valuation of CEC stock at $54 per share in connection with a merger and asking the court to determine the fair value of the shares. As a shareholder lawsuit challenging CEC's valuation of its shares and seeking a judicial appraisal of the shares' *fair* value, the lawsuit triggered Travelers' obligation to pay for CEC's defense under the policy. Travelers denied coverage, breaching its obligations under the policy and forcing CEC to fund its own defense.

## II. PARTIES

2.1  Plaintiff CEC Entertainment, Inc. (previously defined, "CEC") is a Kansas corporation with its principal place of business in Irving, Texas.

2.2     Defendant Travelers Casualty and Surety Company of America (previously defined, "Travelers") is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Travelers may be served through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION

3.1     The plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court therefore has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1).

### IV. VENUE

4.1     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to CEC's claims occurred in this district.

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent set forth in the applicable insurance contract have been performed or have occurred, as required by Fed. R. Civ. P. 9(c).

### VI. FACTS

6.1     In June 2014, minority shareholders of CEC sued the company to redress an allegedly unfair valuation of CEC stock in connection with a merger. The lawsuit was styled *Magnetar Global Event Driven Master Fund Ltd., et al. v. Cede & Co. v. CEC Entertainment, Inc.*, Civil Action No. 14-2279-KHV-KGS, in the United States District Court, for the District of Kansas (the "*Magnetar* Lawsuit").

6.2     In the *Magnetar* Lawsuit, CEC shareholders asserted appraisal (*i.e.*, dissenters') rights pursuant to Kansas Statutes Annotated 17-6712 in connection of the merger of CEC with Q Merger Sub, Inc., a Kansas corporation and wholly-owned subsidiary of Queso Holdings, Inc.

6.3     In their original petition, the minority shareholders alleged a presumptively unfair valuation of CEC stock at $54 per share. Specifically, the petition for appraisal alleged that "each share of CEC common stock (the 'Common Stock') was automatically cancelled and converted into a right to receive a cash payment of $54.00 per share." Pursuant to the appraisal statute, the minority shareholders then asked the court to "appraise the shares, determining their *fair* value exclusive of any element of value arising from the accomplishment or expectation of the merger or consolidation, together with a fair rate of interest, if any, to be paid upon the amount determined to be the fair value." K.S.A. 17-6712 (emphasis added).

6.4     By the very nature of the appraisal lawsuit, the petitioners challenged CEC's valuation as unfair or inadequate. The letters asserting the petitioners' appraisal rights, attached as exhibits to the petition, also characterized those rights as "dissenters' rights," demonstrating the petitioners' disagreement with the fairness of the valuation. Accordingly, the petitioners requested a determination "of the *fair* value at the time of the Merger of Petitioner's [sic] Shares." (Emphasis added.)

6.5     Travelers issued Directors, Officers, and Organization Liability Policy No. 106060063 to CEC, effective for the period from February 14, 2014 to February 14, 2020 (the "Policy"). The Policy provides directors, officers, and organization liability coverage, subject to a $10 million limit for all Claims.

6.6     Within Insuring Agreement **C., ORGANIZATION SECURITIES CLAIM LIABILITY COVERAGE**, the Policy provides:

> [Travelers] will pay, on behalf of the **Insured Organization**, **Loss** that such **Insured Organization** becomes legally obligated to pay for any **Securities Claim** first made against the **Insured Organization** during the **Policy Period** … for a **Wrongful Act** occurring before or during the **Policy Period**.

6.7     As amended by the Amend Securities Claim Definition to Reference Claims Brought Under Common Law endorsement, a **Securities Claim** is any **Claim**, in whole or in part, that is:

1. brought and maintained by one or more security holders of the **Insured Organization**, in their capacity as such;

2. based upon or arising out of the purchase or sale of, or offer to purchase or sell, any equity or debt securities of, and issued by, the **Insured Organization**, whether such purchase, sale, or offer involves a transaction with the **Insured Organization** or occurs in the open market, including any such **Claim** brought by the SEC or any other claimant; **_or_**

3. based upon or arising out of the violation of any securities law, rule or regulation, whether statutory or common law, involving the purchase or sale of, or offer to purchase or sell, any equity or debt securities of, and disused by, the **Insured Organization**.

(Emphasis added.)

6.8     **Wrongful Act** is defined as any actual or alleged:

1. error, misstatement, misleading statement, *act*, omission, neglect, or breach of duty committed or attempted:

*** 

b. with respect to Insuring Agreement C, by the **Insured Organization**[.]

(Emphasis added.)

6.9     The *Magnetar* Lawsuit was brought and maintained by one or more security holders of CEC in their capacity as such and constituted a **Securities Claim** under the Policy.

6.10    The *Magnetar* Lawsuit also alleged, plainly and on its face, that CEC valued its stock at $54 per share in connection with the merger and asked the court to decide the *fair* value of the stock. The valuation by CEC of its shares alleged in the *Magnetar* Lawsuit is an "act" or "error" squarely within Policy's **Wrongful Act** definition.

6.11   In asking the court to determine "the fair value at the time of the Merger of Petitioner's [sic] Shares," moreover, the petitioners necessarily alleged that CEC's valuation at $54 was unfair, incorrect, wrong, or otherwise inadequate.

6.12   As a **Securities Claim** against CEC alleging a **Wrongful Act**, the *Magnetar* Lawsuit triggered Travelers' obligation to pay the attorneys' fees and other expenses incurred by CEC in its defense.

6.13   CEC timely notified Travelers of the *Magnetar* Lawsuit on or about July 18, 2014. By letter dated September 4, 2014, Travelers denied coverage based on an erroneous conclusion that the *Magnetar* Lawsuit did not allege CEC committed a **Wrongful Act**.

## VII. CAUSES OF ACTION

### COUNT I — BREACH OF CONTRACT

7.1   CEC incorporates each and every allegation set forth above.

7.2   Under the Policy, Travelers had a contractual duty to pay CEC's defense costs in the *Magnetar* Lawsuit. The Policy covers **Securities Claims** alleging **Wrongful Acts**. The *Magnetar* Lawsuit was a **Securities Claim** alleging a **Wrongful Act**.

7.3   CEC fully performed its obligations under the Policy. It paid its premium and timely provided notice of the *Magnetar* Lawsuit to Travelers.

7.4   By refusing to pay CEC's defense costs in the *Magnetar* Lawsuit, Travelers materially breached its obligation to CEC under the Policy.

7.5   Because Travelers failed to pay CEC's defense costs, CEC was forced to fund its own defense. CEC's damages include, without limitation, its attorneys' fees and all other costs and expenses associated with the defense of the *Magnetar* Lawsuit.

## COUNT II — VIOLATIONS OF
## PROMPT PAYMENT OF CLAIMS ACT

7.6     CEC incorporates each and every allegation set forth above.

7.7     By failing to pay CEC's defense costs in the *Magnetar* Lawsuit, Travelers violated the provisions of the Prompt Payment of Claims Act. Tex. Ins. Code §542.051, *et seq*. CEC is therefore entitled to recover 18% per annum statutory interest on the amount of its claim.

## COUNT III — ATTORNEYS' FEES

7.8     CEC incorporates each and every allegation set forth above.

7.9     As a result of Travelers' breach of contract and failure to timely pay CEC's defense costs, CEC was forced to retain the undersigned legal counsel to prosecute its claims. CEC is entitled to recover its reasonable and necessary attorneys' fees incurred in this action pursuant to (1) Chapter 38 of the Texas Civil Practice & Remedies Code and (2) Chapter 542 of the Texas Insurance Code. Tex. Civ. Prac. & Rem. Code §38.001; Tex. Ins. Code §542.060.

## VIII.   PRAYER FOR RELIEF

8.1     CEC respectfully requests judgment against Travelers for the following:

   a.     actual damages caused by Travelers' breach of contract in an amount not less than $4,900,541.93;

   b.     18% per annum statutory interest on the full amount of CEC's claim, pursuant to the Prompt Payment of Claims Act (Tex. Ins. Code §542.060);

   c.     reasonable and necessary attorneys' fees incurred in this lawsuit;

   d.     costs of suit;

   e.     pre- and post-judgment interest to the maximum extent allowable by law; and

   f.     all other relief the Court deems appropriate.

Dated: August 29, 2016

                    Respectfully submitted,

By: /s/ *Amy Elizabeth Stewart*
    Amy Elizabeth Stewart
    State Bar No. 00784300
    amy@amystewartlaw.com
    Katherine Hendler Fayne
    State Bar No. 24036752
    katherine@amystewartlaw.com
    **AMY STEWART PC**
    5307 E. Mockingbird Lane, Suite 425
    Dallas, Texas 75206
    (214) 233-7076 – telephone
    (214) 975-2806 – facsimile

    **ATTORNEYS FOR PLAINTIFF**

4837-1983-0327, v. 1